UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SHAWN CHANDLER and JOHN BRYANT,

                    Plaintiffs,

    - against -

STEVE STOUTE, ARNELL GROUP, INC., and REEBOK INTERNATIONAL, LTD.,

                    Defendants.
------------------------------------------------------X

MEMORANDUM OPINION
AND ORDER

04 Civ. 7123 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/14/05

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

For the reasons stated on the record at the conference on August 1, 2005, an award of attorney's fees and costs to Arnell Group, Inc. ("Arnell") and Reebok International, Ltd. ("Reebok") is allowed under section 505 of the Copyright Act.[1] Arnell and Reebok have submitted documentation of their fees and costs in connection with the summary judgment motion for a total of $14,448.69. This figure represents just under 54 hours of legal work by two partners, two associates, and two legal assistants. The rates charged by counsel are somewhat lower than those typically charged by attorneys at comparable law

---

[1] 17 U.S.C. § 505.

1

firms in the Southern District of New York. Having carefully reviewed Arnell and Reebok's billing statements, I conclude that these fees and expenses were reasonable, with one exception. Plaintiffs have objected that $247.50 of this amount is unreasonable because the documentation submitted does not make clear if those fees are related to the motion for summary judgment.[2] I agree, and therefore deduct that amount from the fee requested. I have reviewed the remainder of plaintiffs' objections and found that they are without merit. Accordingly, Arnell and Reebok are entitled to an award in the amount of $14,201.19 for preparing their motion for summary judgment.

In addition, Arnell and Reebok have requested litigation expenses incurred since April 18, 2005 in the amount of $3,782.01 under Rules 54(d)(1) and 68 of the Federal Rules of Civil Procedure. Rule 68 allows the recovery of costs incurred after the making of a settlement offer "[i]f the judgment finally obtained by the offeree is not more favorable than the offer." Rule 54(d)(1) provides that "costs other than attorneys fees shall be allowed as of course to the prevailing party unless the Court otherwise directs."

---

[2] Arnell and Reebok claim that these fees are related to telephone conferences, correspondence, and other work on July 15, 2005, and July 27, 2005, but the relevant time entries do not clarify whether this work was related to the motion for summary judgment.

Rule 68 is not applicable here because neither Arnell nor Reebok obtained any recovery from plaintiffs.[3] But a prevailing defendant may "use a reasonable settlement offer as a means of influencing the judge's discretion to award costs under Rule 54(d)."[4] Arnell and Reebok offered to settle the action for the reasonable amount of $25,000 on April 18, 2005. Plaintiffs rejected the offer. Therefore, I find that Arnell and Reebok are entitled to recover the $3,782.01 in costs incurred since April 18, 2005 pursuant to Rule 54(d).

The application for an award of attorney's fees submitted by Arnell and Reebok is hereby granted in the total amount of $17,983.20. Payment is due twenty (20) days after the entry of this order. The Clerk of the Court is directed to close this motion (Docket No. 63).

---

[3] *See Sparaco v. Lawler, Matusky & Skelly*, 201 F.R.D. 335, 336 (S.D.N.Y. 2001) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981)) ("Rule 68 costs are recoverable by an offering defendant only where the plaintiff takes something against that defendant by way of recovery, but less than the amount offered.").

[4] *Delta Air Lines, Inc.*, 450 U.S. at 356 n.16.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        October 14, 2005

## - Appearances -

**For Plaintiffs:**

Edward J. Bardelli, Esq.
111 Lyon Street, N.W., Suite 900
Grand Rapids, Michigan 49503-2497
(616) 752-2000

Peter Herbert, Esq.
Hinckley, Allen & Snyder, LLP
28 State Street
Boston, Massachusetts 02109
(617) 345-9000

Charles T. Spada, Esq.
Lankler Siffert & Wohl LLP
500 Fifth Avenue
New York, New York 10110
(212) 921-8399

**For Defendant Stoute:**

Robert Maxwell Milner, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck P.C.
1345 Avenue of the Americas
New York, New York  10105-0143
(212) 603-6310

**For Defendants Reebok International, Ltd. and Arnell Group, Inc.:**

Edward Boyle, Esq.
Hoguet Newman & Regal LLP
10 East 40th Street
New York, New York 10016
(212) 689-8808